Michael Yancey III, NV # 16158
**Price Law Group**
8245 N. 85th Way
Scottsdale, AZ 85258
E: michael@pricelawgroup.com
P: 818.600.5537
F: 818.600.5464
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| BRITTANY WOODMAN,<br><br>   Plaintiff,<br>v.<br><br>NPAS SOLUTIONS, LLC,<br><br>   Defendant. | Case No. 2:22-cv-01540<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Brittany Woodman, by and through her attorneys, alleges the following violations of her federal consumer protection rights against Defendant NPAS Solutions, LLC ("NPAS").

**INTRODUCTION**

1.   Count I of Ms. Woodman's Complaint against NPAS is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2.   Count II of Ms. Woodman's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et al*. The FDCPA is a federal statute that regulates

debt collection activities and protects alleged debtors from unfair and harassing debt collection practices.

3. Count III of Ms. Woodman's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 28 U.S.C. §§1331, 1332, 1367; 47 U.S.C. §227; and 15 U.S.C. § 1692k(d).

5. Federal question jurisdiction exists because NPAS' conduct violates Plaintiff's rights under the TCPA and FDCPA, federal statutes providing for a private right of action in federal district court.

6. Supplemental jurisdiction exists as Plaintiff's Intrusion Upon Seclusion claim arises from the same transaction or occurrence as the TCPA and FDCPA claims and is so related as to become part of the same case and controversy as the TCPA and FDCPA claims.

7. Diversity jurisdiction exists between the parties because Ms. Woodman is a resident of Nevada and NPAS is a resident of Missouri at the time of this complaint, and the amount of damages in controversy exceeds $75,000.

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events giving rise to the claim occurred within the geographic boundary of the District of Nevada and NPAS has a physical presence, does business in, and has registered agents in this District and Division.

COMPLAINT AND DEMAND FOR JURY TRIAL

9. Because NPAS' conduct was aimed at, the effects of its conduct were suffered in, and it transacts business in the District of Nevada, personal jurisdiction is established.

## PARTIES

10. Plaintiff is a natural person allegedly obligated to pay a debt, and she is therefore a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3). Plaintiff resides in the city of Henderson, NV, which is located within this District.

11. Defendant is a foreign corporation that regularly conducts business in Nevada on a routine and systematic basis. Defendant can be served at 111 Corporate Office Drive, Suite 200, Earth City, MO 63045.

12. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). Defendant regularly uses the telephone and mail to engage in the business of collecting debts and/or alleged debts from consumers in several states, including Nevada.

13. Any violations by Defendant as set forth in this Complaint were knowing and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

14. During all time pertinent to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

15. The debt(s) underlying this action were obligation(s) or alleged obligation(s) of a consumer to pay money arising out of a transaction in which the money, property, insurance, or

services which are the subject of the transaction were primarily for personal, family, or household purposes.

16. NPAS is attempting to collect one or more alleged debts from Ms. Woodman, originating from Southern Hills Hospital and Medical Center.

17. In or around April 2021, Ms. Woodman decided to seek legal representation regarding her financial debts.

18. On or around April 16, 2021, Ms. Woodman's lawyer informed the legal counsel of NPAS of Ms. Woodman's legal representation.

19. Ms. Woodman's lawyer sent NPAS an executed Power of Attorney which instructed NPAS to contact Ms. Woodman through her attorneys only.

20. NPAS ignored the power of attorney and the instructions to contact Ms. Woodman through her legal counsel only, attempting to contact Ms. Woodman on her cell phone directly on four separate occasions after being directly

21. Ms. Woodman received the calls from the following numbers: (800) 777-9929 and (800) 888-2238. Upon information and belief, these telephone numbers belong to or are operated by NPAS.

22. NPAS willfully contacted Ms. Woodman directly, with actual knowledge that she was represented by counsel.

23. In the alternative, NPAS negligently failed to comply with the notice from Ms. Woodman's counsel.

24. On each occasion that NPAS called Ms. Woodman, it delivered a prerecorded or artificial voice message, stating that NPAS was attempting to collect a debt on behalf of Southern Hills Hospital and Medical Center.

COMPLAINT AND DEMAND FOR JURY TRIAL

25. NPAS' conduct was not only willful but was done with the intention of causing Ms. Woodman such distress, so as to induce her to pay the debt or pay more than she was able to pay.

26. NPAS' conduct could reasonably be expected to threaten or harass Ms. Woodman.

27. NPAS exceeded reasonable collection efforts.

28. NPAS' intrusion upon Ms. Woodman's seclusion was highly offensive to the reasonable person.

29. NPAS was aware that Ms. Woodman was represented by legal counsel, but NPAS continued to employ the use of an automatic telephone dialing system to send Ms. Woodman with collection calls on a debt that it knew she could not afford to pay.

30. As a result of NPAS' conduct, Ms. Woodman has sustained actual damages, including but not limited to, confusion, stress, frustration, anxiety, sleepless nights, headaches, embarrassment, anguish, physical, emotional and mental pain.

31. Furthermore, each and every one of NPAS' telephone calls caused Ms. Woodman distraction and temporary loss of use of her telephone line.

## COUNT I

### Violations of the TCPA

32. Plaintiff incorporates by reference the above paragraphs as though fully stated herein.

33. NPAS violated the TCPA. NPAS violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions,

COMPLAINT AND DEMAND
FOR JURY TRIAL

        NPAS violated 47 U.S.C. §227(b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

    b.    Within four years prior to the filing of this action, on multiple occasions NPAS violated 47 U.S.C. §227(b)(1)(B) which states in pertinent part, "[i]t shall be unlawful for any person within the United States . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party".

34.    As a result of NPAS violations of 47 U.S.C. §227, Plaintiff is entitled to declaratory judgment that NPAS conduct violated the TCPA, and an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to §227(b)(3)(B).

35.    If the Court finds that NPAS knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to §227(b)(3)(B), (C).

## COUNT II

### Violations of the FDCPA

36.    Plaintiff incorporates by reference the above paragraphs as though fully stated herein.

COMPLAINT AND DEMAND FOR JURY TRIAL

37. The FDCPA is a comprehensive regulatory scheme that Congress enacted to eliminate abusive, deceptive, and unfair debt collection practices by debt collectors and to promote consistent state action to protect consumers against debt collection abuses. 15 U.S.C. §§ 1692(a), (e).

38. When Congress enacted the FDCPA in 1977, Congress had found that abusive debt collection practices harmed consumers by, among other things, increasing personal bankruptcy, marital instability, loss of employment, and invasion of privacy.

39. Defendant's dunning calls to Plaintiff were deliberately coercive and directly violative of the FDCPA's prohibition on contacting a represented debtor.

40. Upon information and belief, Defendant's primary purpose of the communication was to unlawfully extract money from Plaintiff by sidestepping Plaintiff's legal counsel.

41. Upon information and belief, Defendant utilizes these false, deceptive, misleading, unfair, and unconscionable tactics as a matter of course when attempting to collect debts from consumers such as Plaintiff despite the fact that Defendant knew or should have known that Plaintiff was represented by counsel and had executed a Power of Attorney authorizing contact only through counsel.

42. Defendant's conduct is intentional. Defendant does not maintain procedures reasonably adapted to avoid such conduct, but rather intends the conduct.

43. Defendant's conduct violated the following sections of the FDCPA, without limitation:

    a. 15 U.S.C. § 1692d, which provides that a collector may not engage in any conduct that may harass, oppress, or abuse any person in connection with the

COMPLAINT AND DEMAND FOR JURY TRIAL

collection of a debt; and

b. 15 U.S.C. § 1692c(a)(2), which provides that a collector may not contact a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt or can readily ascertain the attorney's name and address; and

c. 15 U.S.C. § 1692f, which prohibits a debt collector from using unfair and unconscionable means to collect any debt by attempting to collect any amount unless it is expressly authorized by an agreement or permitted by law.

44. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay an alleged debt.

45. Defendant's debt collection actions were false, deceptive, or misleading representations or means used by Defendant in connection with the collection of a debt.

46. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and attorney fees. Plaintiff has suffered injuries in fact, including emotional distress, embarrassment, frustration, sleepless nights, and interruption at work

## COUNT III

### Intrusion Upon Plaintiff's Seclusion

47. Plaintiff incorporates by reference the above paragraphs as though fully stated herein.

48. NPAS intruded upon Ms. Woodman's seclusion. Restatement of the Law, Second, Torts, §652(b) defines intrusion upon seclusion as "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability

to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

49. NPAS violated Ms. Woodman's privacy. NPAS' violations include, but are not limited to, the following:

    a. NPAS intentionally intruded, physically or otherwise, upon Ms. Woodman's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite having informed NPAS she was represented by counsel.

    b. The number and frequency of the telephone calls to Ms. Woodman by NPAS after receiving the power of attorney to cease constitute an intrusion on Ms. Woodman's privacy and solitude.

    c. NPAS' acts, as described above, were done intentionally with the purpose of abusing and harassing Ms. Woodman to pay the alleged debt, or to pay more than Ms. Woodman would otherwise.

    d. NPAS' conduct constitutes abuse and harassment and exceeded reasonable collection efforts.

50. As a result of NPAS' violations of Ms. Woodman's privacy, NPAS is liable to Ms. Woodman for actual damages. If the Court finds that the conduct is found to be egregious, Ms. Woodman may recover punitive damages.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Ms. Woodman hereby demands a trial by jury of all issues triable by jury.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff Brittany Woodman respectfully requests judgment be entered against Defendant NPAS Solutions, LLC for the following:

A. Declaratory judgment that NPAS violated the TCPA, the FDCPA, and intruded upon Plaintiff's seclusion;

B. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B);

C. Statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B), (C);

D. Actual and statutory damages pursuant to 15 U.S.C. § 1692k(a)(1)-(2);

E. Injunctive relief prohibiting Defendant's continued abusive debt-collection conduct in violation of the FDCPA;

F. Plaintiff's reasonable costs and attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

G. Actual and punitive damages for intrusion upon Plaintiff's seclusion;

H. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

I. Any other relief that this Honorable Court deems appropriate.

Date: September 14, 2022

/s/Michael Yancey III
Michael Yancey III, NV # 16158
**Price Law Group**
8245 N. 85th Way
Scottsdale, AZ 85258
E: michael@pricelawgroup.com
P: 818.600.5537
F: 818.600.5464
*Attorneys for Plaintiff*
*Brittany Woodman*

COMPLAINT AND DEMAND FOR JURY TRIAL