**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BRITTANY WOODMAN,               )
                                )
              Plaintiff,    )   Case No.: 2:22-cv-01540-GMN-DJA
  vs.                           )
                                )   **ORDER**
NPAS, SOLUTIONS, LLC,           )
                                )
              Defendant.    )
                                )

Pending before the Court is Defendant NPAS, Solutions, LLC's Motion for Summary Judgment, (ECF No. 22). Plaintiff Brittany Woodman filed a Response, (ECF No. 23), to which Defendant filed a Reply, (ECF No. 29).

The Court **DENIES** Defendant's Motion for Summary Judgment because a material dispute of fact remains as to whether Defendant continued to call Plaintiff to collect a debt after she requested that Defendant cease and desist communications with her.

**I.     BACKGROUND**

In 2019, Plaintiff received medical treatment at Southern Hills Hospital and Medical Center ("Southern Hills"). (Conditions of Admission, Ex. 1 to Mot. Summ. J. ("MSJ"), ECF No. 22-1). In connection with those services, Plaintiff entered into an agreement which authorized "the use of any email address or cellular telephone number [she] provide[d] for receiving information relating to [her] financial obligations, including, but not limited to, payment reminders, delinquent notifications, instructions and, links to hospital Patient billing information." (*Id.* ¶ 16, Ex. 1 to MSJ). Plaintiff submitted her phone number ending in 0880 to Southern Hills pursuant to this agreement. (Face Sheet at 2, Ex. 2 to MSJ, ECF No. 22-2). Ultimately, Plaintiff did not pay Southern Hills for her treatment. (*Id.*, Ex. 2 to MSJ). As a

result, Defendant, a debt collection company, began calling her to collect her debt. (MSJ 1:3–14, ECF No. 22).

Over the course of six and a half months, from July 8, 2020, to January 25, 2021, Defendant called Plaintiff 12 times regarding her debt. (NPAS Solutions Call History, Ex. 3 to MSJ, ECF No. 22-3).  Then, on April 26, 2021, Defendant received notice that Plaintiff had retained counsel and revoked her consent for Defendant to contact her directly. (NPAS Solutions Account Notes at 6, Ex. 4 to MSJ, ECF No. 22-4).  Plaintiff avers that Defendant subsequently called her four times from this number 800-223-9899. (Brittany Woodman Decl. ¶¶ 3–10, Ex. 14 to Resp., ECF No. 23-14).  Plaintiff submitted audio recordings and voicemails from these calls in which a representative stated they were calling "from n pass on behalf of Southern Hills Hospital and Medical Center" to "collect a debt." (Audio Recordings & Voicemail Trs., Ex. 1–7 to Resp., ECF No. 22-1–22-7).  Defendant disputes Plaintiff's allegations, arguing it neither called Plaintiff after she retained counsel, nor that it ever "owned or used" this number. (Don Wright Decl. ¶ 14, Ex. 6 to MSJ, ECF No. 22-6).  According to Defendant, the caller is NPAS, Inc., another debt collector company with a nearly identical name. (Reply 6:8–21, ECF No. 29).  And Defendant asserts that it never identified itself as "NPAS" when it communicated with Plaintiff. (*Id.* 2:8–16).

Plaintiff filed a Complaint in this Court, alleging violations under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and her common law right of Intrusion Upon Seclusion. (Compl., ECF No. 1).  Defendant now moves for summary judgment.

///

///

///

///

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is a sufficient evidentiary basis on which a reasonable factfinder could rely to find for the nonmoving party. *See id.* "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an

essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). However, the nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

///

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. DISCUSSION

The shared element in Plaintiff's claims is whether reasonable minds could find that Defendant called Plaintiff after April 16, 2021. Defendant argues summary judgment is warranted based on its assertion that it neither owned nor used the number Plaintiff received calls from.[1] (MSJ 13:1–14:24). Defendant further contends that its internal call logs reflect that no calls were made to Plaintiff after April 16. (*Id.*). This evidence is sufficient for Defendant to meet its initial burden on summary judgment. The burden thus shifts to Plaintiff to identify a dispute of material fact. Here, the Court finds a genuine dispute of material facts exists such that summary judgment is not warranted.

First, the Better Business Bureau ("BBB") lists Defendant as the owner of 800-223-9899, calling into question Defendant's contentions.[2] *See* BBB, https://www.bbb.org/us/mo/earth-city/profile/collections-agencies/npas-solutions-llc-0734-310608980/details, *archived at* https://perma.cc/P94Z-4MBJ. This raises a genuine issue of fact concerning Defendant's ownership of the number that called Plaintiff.

---

[1] Plaintiff alleged in her Complaint that Defendant also called her from 800-777-9929 and 800-888-2238 after she retained counsel. (Compl. ¶ 16, ECF No. 1). Plaintiff's Response and accompanying exhibits, however, only address calls made from 800-223-9899. (*See generally* Resp.). Thus, Plaintiff has not shown specific facts showing a genuine issue for trial regarding those other phone numbers. Accordingly, the sole issue before the Court is whether reasonable minds could find that Defendant called Plaintiff from the 800-223-9899 number.

[2] The parties did not submit the BBB records as part of their filings. The Court is nonetheless permitted to take judicial notice of these records *sua sponte*. *See, e.g.*, *Callan v. N.Y. Cmty. Bank*, 643 Fed. Appx. 666, 666 (9th Cir. 2016); *see also McPhatter v. M. Callahan & Assocs., LLC*, No. 11-cv-5321, 2013 WL 3981106, at *1 n.3 (E.D.N.Y. Aug. 2, 2013) (taking judicial notice of phone number listed on BBB website).

1      Second, even excluding the BBB's records, the Court cannot ignore the audio and
2 voicemail transcripts submitted by Plaintiff.  These filings show that a debt collector referring
3 to itself as NPAS called Plaintiff regarding the debt she owed to Southern Hills. (Audio
4 Recordings & Voicemail Trs., Ex. 1–7 to Resp.).  The Court recognizes that another entity with
5 a nearly identical name—NPAS, Inc.—is also engaged in debt collection.  But at summary
6 judgment, the Court draws all inferences in *Plaintiff's* favor. *Diaz*, 521 F.3d at 1207.  And
7 contrary to Defendant's position, it is not unreasonable to infer that it is the debt collector who
8 called Plaintiff when the debt collector identified itself with a nearly identical name and is
9 pursuing the collection of a debt for Southern Hills hospital, which Defendant appears to have
10 the exclusive legal title to collect.

11      In sum, a genuine dispute of material fact exists as to whether Defendant continued to
12 call Plaintiff after she revoked her consent to have Defendant contact her directly to collect the
13 debt she owes to Southern Hill.[3]  Accordingly, Defendant's Motion for Summary Judgment is
14 DENIED.

15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///

---

[3] The Court further notes that summary judgment is not warranted as to Plaintiff's FDCPA claim pursuant to 15 U.S.C. §1692d, which protects debtors against conduct by debt collectors, "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.  A "debt collector may harass a debtor by continuing to call the debtor after the debtor has requested that the debt collector cease and desist communication," and for the reasons set forth above, a genuine dispute of fact remains if Defendant called Plaintiff after she requested it cease and desist communication with her. *Cf. Johnson v. Portfolio Recovery Assocs., LLC*, No. 12-cv-4261, 2013 WL 10156241, at *7 (C.D. Cal. June 24, 2013).

IV. <u>**CONCLUSION**</u>

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, (ECF No. 22), is **DENIED**.

**IT IS FURTHER ORDERED** that within twenty-one days of the entry of this Order, the parties shall file a Proposed Joint Pretrial Order.

**DATED** this __20__ day of November, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT