UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRITTANY WOODMAN,

           Plaintiff,

vs.

NPAS SOLUTIONS, LLC.,

           Defendant.

Case No.: 2:22-cv-01540-GMN-DJA

**ORDER**

Pending before the Court is Defendant NPAS Solutions, LLC's Motion in Limine ("MIL"), (ECF No. 61). Plaintiff Brittany Woodman filed a Response, (ECF No. 65), and Defendant filed a Reply, (ECF No. 81), which the Court STRIKES.[1] Also pending before the Court is Plaintiff's Motions in Limine, (ECF No. 62). Defendant filed a Response, (ECF No. 67).

The Court additionally heard oral arguments regarding these motions at Calendar Call on January 21, 2025. For the reasons stated below, Defendant's Motion in Limine (ECF No. 61) is **GRANTED, in part**, and **DENIED, in part**. Plaintiff's Motion in Limine (ECF No. 62) is **GRANTED, in part**, and **DENIED, in part**.

I.    BACKGROUND

The Court incorporates by reference the Background Section stated in its Order Denying Defendant's Motion for Summary Judgment. (*See generally* Order, ECF No 38). Plaintiff filed a Complaint in this Court, alleging violations under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692,

---

[1] Local Rule 16-3 states that Motion in Limine "Replies will be allowed only with leave of the court." Defendant did not request nor receive leave to file a Reply. Accordingly, the Court did not consider Defendant's Reply in this Order and the Court **STRIKES** Defendant's Reply (ECF No. 81).

and her common law right of Intrusion Upon Seclusion. (Compl., ECF No. 1). The case is now set for trial and the Parties filed their respective Motions in Limine.

## II. LEGAL STANDARD

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a). In order to satisfy the burden of proof for Federal Rule of Evidence ("FRE") 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("We have traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the [FRE] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing FRE 103(c)). In limine rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41.

Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine, the evidence must be inadmissible "on all potential grounds." *See, e.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).

/ / /

/ / /

### III. DISCUSSION

#### A. Defendants' MIL No. 1 to Preclude Evidence and Reference to Telephone Number 800-223-9899 and its Alleged Ownership

Defendant seeks to exclude the introduction of any evidence and/or reference to or mention of the Court's judicial notice of the telephone number listed on the Better Business Bureau ("BBB") website as being Defendant's telephone number, telephone number 800-223-9899, its alleged ownership, or any information obtained from the BBB website. (*See* Deft.'s MIL 4:3–8, ECF No. 61).  Specifically, Defendant argues that Plaintiff's claim as to the ownership of the above-mentioned telephone number, obtained from the BBB website, and of which the Court took judicial notice of in the Order Denying Defendant's Motion for Summary Judgment, (1) is inadmissible hearsay, and (2) lacks foundation. (*Id.* 3:9–13).  In response, Plaintiff argues that Defendant's Motion fails to justify why any reference whatsoever to the telephone number 800-223-9899 should be excluded.  (Pl.'s Resp. 2:24–27).  Moreover, if Defendant is seeking only to exclude reference to the BBB website and the Court's judicial notice thereof, Plaintiff opposes this relief. (*Id.* 2:22–24).

The Court declines to decide the admissibility of the telephone number 800-223-9899, its alleged ownership, or any information obtained from the BBB website in this Order.  It is not clear how Plaintiff intends to admit such evidence to the jury.  Defendant may object to Plaintiff's proffer of the BBB website during trial, and Plaintiff may counter any of Defendant's objections.  The Court will then determine admissibility based on the manner of the proffer and the reasonableness of the objection.  Moreover, while the Court took judicial notice of the telephone number listed on the BBB website at the summary judgment stage, Plaintiff did not present any case law that establishes that the Court is required to take judicial notice of the same fact at trial nor that it may advise the jury about the Court's prior ruling. Indeed, FRE 201 states that a court "*may* take judicial notice at any stage of the proceeding."

Fed. R. Evid. 201 (emphasis added).  The permissive language of FRE 201 does not mandate that a fact judicially noticed at one stage must be judicially noticed at a subsequent stage.  Accordingly, Plaintiff is precluded from stating or eliciting testimony of the fact that the Court took judicial notice of the telephone number listed on the BBB website.  Therefore, the Court **GRANTS, in part**, and **DENIES, in part**, Defendant's Motion in Limine No. 1.  The Motion is granted insofar as Plaintiff may not reference that the Court previously took judicial notice at the summary judgment stage; however, Plaintiff may request at trial that the Court take judicial notice of the information provided on the BBB website.  The motion is denied in regard to precluding Plaintiff from proffering evidence of the BBB website in general and seeking admissibility of the information contained on the website.[2]

### B. Defendant's MIL No. 2 to Preclude Any Reference to the Size or Resources of Defendant's Law Firm

The Parties met and conferred on December 30, 2024, and stipulate that this evidence will not be raised. (Deft.'s MIL 5:25–26); (Pl.'s Resp. 6:21–23).  Thus, the Court **GRANTS** Defendant's Motion in Limine No. 2.

### C. Defendant's MIL No. 3 to Preclude Reference to Resources or Ownership of Defendant and/or Financial Conditions or Relative Sizes or Plaintiff and Defendant

The Parties met and conferred on December 30, 2024, and stipulate that this evidence will not be raised. (Deft.'s MIL 6:22–24); (Pl.'s Resp. 6:24–26).  Thus, the Court **GRANTS** Defendant's Motion in Limine No. 3.

/ / /

/ / /

/ / /

---

[2] Additionally, defense counsel are reminded that asking its witness a question which elicits false testimony amounts to suborning perjury.

### D. Defendant's MIL No. 4 to Preclude Any Reference to Plaintiff's Health Conditions

The Parties met and conferred on December 30, 2024, and Defendant asserts that they "generally agree not to introduce detail regarding Plaintiff's health conditions, [but] wish to discuss the matter in detail with the Court." (Deft.'s MIL 7:21–23). Plaintiff "agrees that details regarding Plaintiff's health conditions are not relevant to the claims at issue." (Pl.'s Resp. 7:2–3). However, Plaintiff anticipates the need to provide an explanation to the jury as to why she is appearing remotely. (*Id.* 7:3–6). During Calendar Call on January 21, 2025, the Parties informed the Court that they would submit a stipulation regarding the language to be used at trial to explain Plaintiff's and Defense counsel's absence. Thus, the Court **GRANTS, in part,** and **DENIES, in part,** Defendant's Motion in Limine No. 4.

### E. Plaintiff's MIL No. 1 to Preclude Undisclosed Evidence Related to Any Non-Party Alleged to Have Placed Debt Collection Calls to Plaintiff (ECF No. 62)

Plaintiff seeks to "exclude from admission at trial any evidence, documentary, testimonial, or otherwise, not disclosed by NPAS as required under Rule 26(a), related to any other entity that might have called Ms. Woodman in attempt to collect on behalf of Southern Hills." (Pl.'s MIL 4:16–20, ECF No. 62). The Parties met and conferred on December 30, 2024. Defendant stipulates that it "will not seek to introduce evidence that was not sought and undisclosed in discovery in this matter, or required to be provided in Rule 26(a) disclosures and not disclosed." (Deft.'s MIL 1:25–27). Defendant clarifies that to "the extent Plaintiff is simply seeking to preclude Defendant from introducing evidence that a third-party other than NPAS Inc. called Plaintiff at the dates and times she allegedly was called, Defendant does not intend to introduce such evidence." (*Id.* 2:9–11). Defendant does not agree, however, "with any of the characterizations in Plaintiff's Motion in Limine on this topic that Defendant was required to provide every available piece of information in its Rule 26(a) disclosures." (*Id.* 1:27–2:2).

Moreover, during the Conferral, Defendant identified that it planned to introduce a different corporate representative than the one whose declaration was filed with Defendant's Motion for Summary Judgment. (Pl.'s MIL 5:15–17). Because Plaintiff's Motion does not seek actual relief and because Plaintiff did not provide the Court with sufficient grounds to grant the Motion during her oral arguments at Calendar Call, the Court **DENIES without prejudice** Plaintiff's Motion in Limine No. 1.

### F. Plaintiff's MIL No. 2 to Preclude any Evidence, Discussion, or Mention Regarding her Employment at a Federal Bankruptcy Court

The Parties met and conferred on December 30, 2024, and stipulate that this issue will not be raised. (Pl. MIL 7:5–6); (Deft.'s Resp. 2:12–14). Thus, the Court **GRANTS** Plaintiff's Motion in Limine No. 2.

### G. Plaintiff's MIL No. 3. to Preclude Evidence, Discussion, or Mention of Any Debt Allegedly Owed by Plaintiff Aside From the Debt at Issue in the Case

The Parties met and conferred on December 30, 2024, and stipulate that this issue will not be raised. (Pl. MIL 8:10–11); (Deft.'s Resp. 2:15–17). Thus, the Court **GRANTS** Plaintiff's Motion in Limine No. 3.

### H. Plaintiff's MIL No. 4 to Preclude any Evidence, Discussion, or Mention that Plaintiff is an Attorney or that she Attended Law School.

The Parties met and conferred on December 30, 2024, and Plaintiff avers that they stipulate that this issue will not be raised. (Pl. MIL 9:8–10). Defendant states that "it will not inquire about Plaintiff's attendance at law school or work as an attorney." (Deft.'s Resp. 2:18–22). Thus, the Court **GRANTS** Plaintiff's Motion in Limine No. 4.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine, (ECF No. 61), is **GRANTED, in part**, and **DENIED, in part**. Defendant's Motion in Limine No. 1 is

**GRANTED, in part**, and **DENIED, in part**. Defendant's Motion in Limine Nos. 2 and 3 are **GRANTED**. Defendant's Motion in Limine No. 4 is **GRANTED, in part**, and **DENIED, in part.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine, (ECF No. 62), is **GRANTED, in part**, and **DENIED, in part**. Plaintiff's Motion in Limine No. 1 is **DENIED without prejudice**. Plaintiff's Motion in Limine Nos. 2–4 are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Reply to Plaintiff's Response to its Motion in Limine, (ECF No. 81), is **STRICKEN**.

**DATED** this   23   day of January, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court