UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRITTANY WOODMAN,<br><br>           Plaintiff,<br>vs.<br><br>NPAS SOLUTIONS, LLC,<br><br>           Defendant. | Case No.: 2:22-cv-01540-GMN-DJA<br><br>**ORDER GRANTING TEMPORARY STAY OF EXECUTION OF JUDGMENT** |

Pending before the Court is the Emergency Motion for Stay of Execution of Judgment Pending Appeal, (ECF No. 125), filed by Defendant NPAS Solutions, LLC. This matter is not yet fully briefed, but for the reasons discussed below, the Court issues a temporary stay of execution of judgment and orders that a bond be posted.

Following a Renewed Motion for Judgment as a Matter of Law and Motion for New Trial, the Court entered a final judgment on August 21, 2025. The 30-day stay of execution pursuant to Federal Rule of Civil Procedure ("FRCP") 62(a) expires on September 20, 2025, such that Plaintiff may begin attempts to execute its judgment after that date. Defendant's counsel Megan Meadows states that she engaged in a meet and confer teleconference with Plaintiff's counsel Beth Findsen in which Defendant asked Plaintiff to stipulate to a stay of execution and a bond amount of $33,300 but Plaintiff declined. (Meadows Decl. ¶ 5, Ex. 1 to Mot. Stay, ECF No. 125-1). Defendant now moves the Court to stay the execution of judgment pending its appeal of this Court's final judgment order, and other non-final orders. (*See generally* Mot. Stay, ECF No. 125).

A party is entitled to a stay of judgment under FRCP 62(b) as a matter of right upon the posting of a supersedeas bond. *ACLU of Nevada v. Masto*, 670 F.3d 1046, 1066 (9th Cir. 2012). Defendant states that it is prepared to post a bond in the amount of $33,300 within 10 days of

the Court's Order. (Mot. Stay 5:22–25). Defendant further contends that Plaintiff disagrees on the bond amount. (*Id.* 3:21–23). Because the parties disagree on the amount of bond to be posted, the Court defers ruling on the Motion for Stay of Execution of Judgment Pending Appeal until it is fully briefed. In the meantime, the Court finds that a temporary stay of execution of judgment is warranted in this matter and that Defendant should post a bond. The bond amount will be for purposes of this temporary stay and is subject to change upon the complete resolution of the Motion for Stay.

Accordingly,

**IT IS HEREBY ORDERED** that the execution of judgment is temporarily **STAYED** until the resolution of Defendant's Emergency Motion for Stay of Execution of Judgment Pending Appeal, (ECF No. 125). The Court **DEFERS** ruling on the Motion for Stay until it is fully briefed.

**IT IS FURTHER ORDERED** that Defendant shall post a bond in the amount of $33,300 within 10 days of this Order.

**DATED** this __19__ day of September, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court